UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
GEORGE LEON ADAMS,                  )
                                    )
            Petitioner,             )
                                    )
    v.                              )   Civil Action No. 10-1945 (ESH)
                                    )
SCOTT MIDDLEBROOKS,                 )
                                    )
            Respondent.             )
_____ )

## ORDER

This matter is before the Court on petitioner's motion for appointment of counsel. The motion will be denied.

"The law is well established that there is no constitutional right to appointment of counsel in a civil case," *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam) (citations omitted); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981), and no indigent civil litigant is guaranteed counsel, *Willis v. Fed. Bureau of Investigation*, 274 F.3d 531, 532 (D.C. Cir. 2001). However, the Court may appoint counsel to represent an indigent *pro se* party under 28 U.S.C. § 1915(e)(1). Pursuant to this authority, the Court's Local Civil Rules provide:

> When leave has been granted pursuant to 28 U.S.C. § 1915 for a *pro se* litigant to proceed *in forma pauperis*, the judge to whom the case is assigned may, on application by the *pro se* party or otherwise, appoint an attorney from the Panel to represent such party. The appointment should be made taking into account:
>
> (i)   the nature and complexity of the action;
> (ii)  the potential merit of the *pro se* party's claims;
> (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
> (iv)  the degree to which the interests of justice will be served by

>appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

LCvR 83.11(b)(3); *see Willis*, 274 F.3d at 532 (affirming application of the factors set forth in the former LCvR 83.11(a)(4)(B) to decide a motion for the appointment of counsel in a civil action brought under the Freedom of Information Act). After carefully reviewing the petitioner's motion and weighing the factors set forth in LCvR 83.11(b)(3), the Court determines that appointment of counsel is not warranted at this time.

Accordingly, it is hereby

ORDERED that petitioner's motion for appointment of counsel [Dkt. #7] is DENIED without prejudice.

SO ORDERED.

                                                            /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

DATE: February 22, 2011