Exhibit (1)

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D C 20001*

August 22, 1996

**BY FAX**
Angela Ramsay, Esq.

    Re: <u>United States v. Robin Fitzsimmons</u>, F-5486-96, M-3696-96, and M-7121-95

Dear Ms. Ramsay:

    I am writing to extend a plea offer in the above-captioned matters.

**PLEA OFFER**

    Your client, Robin Fitzsimmons, is presently a defendant in three criminal cases in the District of Columbia: F-5486-96 (PWID Xanax, a Schedule IV controlled substance); M-3696-96 (BRA - misdemeanor); and M-7121-95 (Possession of Cocaine). However, Ms. Fitzsimmons may resolve these matters without a trial if she agrees to accept the plea offer set forth in this letter. The terms of this offer are as follows:

    A.    <u>Obligations of Robin Fitzsimmons</u>

    1.    Ms. Fitzsimmons agrees to admit her guilt and plead guilty to the following crimes:

        a.    <u>PWID Xanax.</u> In the Superior Court for the District of Columbia, in case number F-5486-96, Ms. Fitzsimmons agrees to enter a guilty plea to **PWID Xanax**, in violation of 33 D.C. Code § 541(a)(1)(C). Ms. Fitzsimmons understands that pursuant to 33 D.C. Code § 541(a)(1)(C) this crime carries a maximum penalty of 3 years in prison. No mandatory-minimum penalty applies to this offense.

b.  <u>Bail Reform Act (Misdemeanor)</u>.  In the Superior Court for the District of Columbia, in case number M-3696-96, Ms. Fitzsimmons agrees to enter a guilty plea to **Bail Reform Act (Misdemeanor)**, in violation of 23 D.C. Code § 1327(a)(2).  Ms. Fitzsimmons understands that pursuant to 23 D.C. Code § 1327(a)(2), this crime carries a maximum penalty of 180 days in prison.  No mandatory-minimum penalty applies to this offense, however, if a sentence of incarceration is imposed the sentence must be no less than 90 days imprisonment.

2. Ms. Fitzsimmons agrees to cooperate with the government and with whatever federal, state, and local law enforcement authorities the government deems appropriate.  She specifically agrees to testify fully and truthfully before any Grand Jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which her testimony may be deemed relevant by the government.

3. In entering her plea of guilty, Ms. Fitzsimmons agrees to waive certain rights afforded her by the Constitution of the United States or by statute, including, but not limited to, the following:

a.  Ms. Fitzsimmons understands that the Fifth Amendment to the Constitution of the United States guarantees her an absolute privilege against making statements which could incriminate her.  By entering her pleas of guilty Ms. Fitzsimmons knowingly and voluntarily waives or gives up her right against self-incrimination.

b.  Ms. Fitzsimmons also understands that by pleading guilty she waives or gives up her rights (1) to be tried by a jury or by a judge sitting without a jury; (2) to be assisted by an attorney at trial; (3) to confront and cross-examine witnesses against her, and; (4) to appeal anything other than the legality of the sentence imposed by the Court.

4. Ms. Fitzsimmons agrees to waive all of her rights to a speedy trial or speedy sentence.  She also agrees that her sentencing may be delayed until her cooperation has been completed, as determined by the government, so that the Court will have the benefit of all relevant information.  She acknowledges that the actual date of sentencing shall be determined by the government with the approval of the Court.

5. Ms. Fitzsimmons is presently detained without bond pending trial in F-5486-96.  Ms. Fitzsimmons agrees not to oppose the government's request that she continue to be detained pending sentencing.  Ms. Fitzsimmons agrees that she will seek admission into an in-patient drug treatment program acceptable to the government.  The government agrees that it will not oppose a

modification of Ms. Fitzsimmons bond conditions to allow her to enter an in-patient drug treatment program that the government deems acceptable. Ms. Fitzsimmons agrees that if released to an in-patient drug treatment program, she will comply with all of the rules and requirements of the program and with all conditions of release set by the Court. Upon the receipt of any information by the Court or by the government suggesting that Ms. Fitzsimmons has violated any rule or requirement of the program or any condition of release, the government will request that Ms. Fitzsimmons be detained without bond pending any hearing on the matter, and Ms. Fitzsimmons agrees that she will not oppose this request.

B. Obligations of the Government

In return for Ms. Fitzsimmons's plea of guilty under the conditions outlined above, the government makes the following commitments to her:

6. The government agrees to inform the judge imposing sentence about the nature and extent of Ms. Fitzsimmons' cooperation pursuant to this agreement. The government reserves its right to allocute at sentencing.

7. The government agrees that at the time of Ms. Fitzsimmons' sentencing the government will dismiss case M-7121-95 (Possession of Cocaine). The government also agrees that it will not file any sentencing enhancement papers pursuant to 33 D.C. Code § 548(a), 23 D.C. Code § 1328(a)(1), or 22 D.C. Code § 104, in the cases in which Ms. Fitzsimmons is entering pleas of guilty.

C. General Conditions

8. If Ms. Fitzsimmons should fail in any way to fulfill completely each and every one of her obligations under this agreement, then this failure will constitute a breach of this agreement and the government will be released from its commitment to honor all of its obligations to her. Thus, for example, if at any time should Ms. Fitzsimmons knowingly withhold evidence from the government, or otherwise not be completely truthful with the government in informal debriefing sessions, or in her testimony before grand juries or at trials, or decline to testify in the grand jury or for the government at trial(s), or commits any crime after the execution of this agreement, then the government will be free (i) to prosecute Ms. Fitzsimmons for perjury, false declaration, false statement, or obstruction of justice; and (ii) to prosecute Ms. Fitzsimmons for other offenses which have not yet been charged. It is further understood that if Ms. Fitzsimmons violates this agreement, all statements made by her to this Office or other law enforcement agents, or any testimony given by her before a grand jury or other tribunal, whether prior to or subsequent to this agreement, or any leads from such statements or testimony, shall be admissible in evidence in any and all criminal

3

and civil proceedings hereafter brought against her as direct evidence of the crimes charged, for impeachment, as rebuttal evidence, or for any other purpose. The information may also be used by probation officials, sentencing judges, and for investigative leads. Furthermore, Ms. Fitzsimmons agrees not to assert any claim that statements made by her prior to or subsequent to this agreement, or any leads therefrom, should be suppressed or excluded from evidence. It is the intent of this agreement to waive any and all rights in the foregoing respects.

9.  Whether or not Ms. Fitzsimmons has specifically performed all of her obligations under this agreement shall be determined by the Court in an appropriate proceeding. Ms. Fitzsimmons' disclosures and the evidence which she has produced shall be admissible at that proceeding and, except for violations of federal, state, or local criminal law following the execution of this agreement, this Office shall be required to prove a breach of the agreement by a preponderance of the evidence only. Ms. Fitzsimmons' understands and agrees that this Office shall only be required to prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this agreement.

10. Nothing in this agreement shall be construed to permit Ms. Fitzsimmons to commit perjury, to make false statements or declarations, to obstruct justice, or to protect her from prosecution for any crime which she might commit, or any other crimes committed by her after the execution of this agreement. Ms. Fitzsimmons understands and agrees that the government reserves the right to prosecute her for any perjury, false statements or declarations, obstruction of justice, or any crime committed after the execution of this agreement. Ms. Fitzsimmons further understands that any perjury, false statements or declarations, or obstruction of justice shall constitute a breach of this agreement if committed in pursuit of any obligation arising from this agreement.

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between Ms. Fitzsimmons and the United States of America.

12. There are no other agreements or understandings between Ms. Fitzsimmons and the government, and Ms. Fitzsimmons understands that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open court or made in writing signed by all of the parties.

Please call me if you have any questions.

Sincerely,

ERIC H. HOLDER, JR.
United States Attorney

By: _____
JAMES CURT BOHLING
Assistant United States Attorney
Homicide Section - Room 4848
(202) 514-5864

### Acknowledgment by Robin Fitzsimmons

I have read this plea agreement and have discussed it with my attorney, Angela Ramsay, Esq. I fully understand the agreement and accept it without reservation. I enter the agreement voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____         _____
                                      Robin Fitzsimmons

### Acknowledgement by Counsel

I have read this plea agreement, reviewed it with my client, and discussed the provisions of the agreement with her, fully. These pages accurately and completely sets forth the entire plea agreement.

Date:_____         _____
                                      Angela Ramsay, Esq.