UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE LEON ADAMS,<br>Petitioner, | * | |
| | * | |
| VS | * | Case No. 10-1949 |
| | * | (Remanded Appellate Case No. 11-5268) |
| UNITED STATES OF AMERICA,<br>RESPONDENT. | * | |

MOVANT'S MOTION TO SUPPLEMENT HIS APPLICATION

FOR A CERTIFICATE OF APPEALABILITY

COMES NOW, George Leon Adams, (hereinafter "Petitioner") in the above-styled cause, respectfully moving this Honorable Court to grant Petitioner's motion to supplement his application for a certificate of appealability.

RECEIVED
JUN 0 7 2012
Clerk, U.S. District and
Bankruptcy Courts

PROCEDURAL HISTORY

On July 22, 1995, a District of Columbia Superior Court jury found appellant guilty of attempted armed robbery, first-degree murder while armed (felony murder), two counts of assault with a dangerous weapon (pistol), possession of a firearm during a crime of violence,

1

and carrying a pistol without a license. Prior to sentencing, appellant entered a plea of guilty to armed robbery, a separate incident that occured two days after the offenses of which the jury convicted appellant. Memorandum Opinion and Judgment, Adams v. UNITED STATES, Nos. 97-CF-633 & 99-CO-583 (D.C. May 19, 2000). The District of Columbia Court of Appeals affirmed the conviction and upheld the trial court's summary denial of appellant's first collateral attacks.

On November 15, 2010, appellant filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2241. (Case No. 10-1945). Appellant asserted a claim of ineffective assistance of counsel, stating that appellate counsel failed to raise an issue on appeal that would have rendered a not guilty verdict. The Government filed an opposition motion, stating the petition should be construed as a 28 U.S.C. § 2254, and as such, it was time barred. In Petitioner's reply, he raised the claim of actual innocence, attaching three affidavits from alibi witnesses, placing Petitioner on the other side of the city at the exact time the alleged crime took place he was charged with.

On September 9, 2011, the Court granted the Government's motion to dismiss the petition as untimely, but ultimately dismissing it on the procedural grounds and the merits. (Mem. Op., No. 10-CV-1945). Judge Huvelle construed Petitioner's as a 28 U.S.C. § 2254, not as a 28 U.S.C. § 2241.

Petitioner sought an application for a Certificate of Appealability ("COA"), but the Court held a COA would not issue. Thus, Petitioner appealed and filed an application to the United States Court of Appeals

(Case No. 11-5268). The Court of Appeals remanded the case back to the district court to address whether a certificate of appealability should be granted in light of appellant's claim that appellate counsel was ineffective in failing to argue on appeal that trial counsel erred by not presenting an alibi defense. (See Order, Filed on April 25, 2012; Case No. 11-5268).

Petitioner now moves this Honorable Court to grant him leave to supplement his previous filed application for a COA.

FACTS SUPPORTING PETITIONER'S MOTION TO SUPPLEMENT/AMEND

Under Rule 15(a), Fed.R.Civ.P., a litigant may amend his pleadings once "as a matter of course at any time before a responsive pleading is served ...." "Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." **Fed.R.Civ.P., Rule 15(a)**; see also, **28 U.S.C. §2242** (Writ of habeas corpus, "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Pursuant to Rule 15(d), "[U]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time thereof." **Fed.R.Civ.P., Rule 15(d)**.

Courts have held that leaves to amend or supplement should be granted unless there is some good reason like "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." **Foman v. Davis, 371 U.S. 178, 182-83 (1962)**; accord, **Interroyal Corp. v. Sponseller, 889 F.2d 108, 112 (6th. Cir. 1990)**.

Accordingly, an amended complaint deals with events that occurred before the original civil action was filed. A supplement complaint deals with events that have occurred after the filing of a civil action. See, e.g., **U.S. ex rel. Kinney v. Stoltz, 327 F.3d 671, 673 (8th Cir. 2003)**( ".... [S]upplemental pleading, not amended pleading, are intended to cover matters after the original complaint is filed.") However, supplement, like amendments must have some relationship to the claims filed in the original pleading. See, e.g., **Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995)** (the proposed supplement facts must connect the new pleading to the original pleading); **Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1989)**; **Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1278 (10th Cir. 2001)** (Such authorization "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.").

Claims made in an amended or supplement motion relates back to the original motion when the proposed pleading asserts a claim that arose out of the same "conduct, transaction, or occurrence set out ... in the original" motion. **Fed.R.Civ.P., 15(c)(1)(B)**. To arise out of the same conduct, transction, or occurrence, the claims

4

must be "tied to a common core of operative facts." **Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); United States v. Hicks, 283 F.3d 380, 387, 350 U.S. App. D.C. 279 (D.C. Cir. 2002).** But, if the Petitioner asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," the proposed pleading does not relate back to the original pleading. **Mayle v. Felix, 545 U.S. at 650; Hicks, 283 F.3d at 388-89.** The proposed pleading must be "tied to a common nucleus of operative facts," **Mayle, Id.**, and if it does not, the court must find the new claim does not relate back to the original filing. **Mayle, 545 U.S. at 662, 125 S.Ct. at 2573-75.**

An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." **Mandacina v. United States, 328 F.3d 995, 1000 (8th)**, cert. denied, **540 U.S. 1018 (2003).** Thus, it is not enough that both the original motion and the amended motion allege ineffective assistance of counsel during a trial. See, e.g., **United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)** ("[A] petitioner does not satisfy the Rule 15 'relation back' standard by merely raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), cert. denied, **547 U.S. 1217 (2006).** The allegations of ineffective assistance "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." **United States v. Hernandez, 436 F.3d 851, 857 (8th)**; cert. denied, **547 U.S. 1172 (2006).** (concluding that

Rule 15(c)' relation back rules apply to § 2255 motion)(quoting **Mayle, 545 U.S. at 650, 657, 660** and holding that ineffective assistance claim alleging that counsel inadequately cross-examined two witnesses did not relate back to a claim for ineffective assistance related to counsel's failure to object to the admission of evidence lacking proper foundation).

The claims Movant raised in his Section 2254 motion regarding both trial counsel's and appellate counsel's ineffectiveness that were listed in the court of appeals order to vacate and remand were:

In Ground 1, Movant raised, **inter alia**, that trial counsel failed to present alibi witnesses, placing Movant in another part of the city at the exact time and date that Movant was have to alleged shot Bobby Hamilton.

In Ground 1, Movant raised appellate counsel's ineffectiveness for failing to raise trial counsel's ineffectiveness for refusing to investigate and call alibi witnesses. [1]/ This issue was raised on page 22 of Movant's Memorandum ("Relief Sought"), where Movant made a brief statement that appellate counsel failed to raise the claim as to trial counsel's failure to call alibi witnesses; stating within his pleading that an appellate court could consider an ineffective

---

Note 1: Movant raised appellate counsel's ineffectiveness within his Memorandum for relief (labeled "Relief Sought"). Due to his lack of understanding of the proper procedures of how to properly raise his claims in a correct and orderly fashion, he moves this Honorable Court to construe his pleadings liberally, **Haines v. Kerner, 404 U.S. 519, 520-21 (1972)**. And even though Movant failed to raise this claim in a separate ground for relief, he moves this Court to "give [him] ... credit for everything that might reasonably [be] proved in support of his complaint." **Acme Propane Inc. v. Tenexco, Inc., 844 F.2d 1317, 1325 (7th Cir. 1988)**. Courts ... "must accept petitioner's factual allegations as true except that they are inherently incredible, merely conclusory rather than statements of facts, or contradicted by the record." **Eaton v. United States, 458 F.2d 704, 706 (7th Cir. 1972); Warren v. D.C., 353 F.3d 36, 37 (D.C. Cir. 2004)**.

assistance of counsel claim and that counsel on direct appeal rendered ineffective assistance for failing to raise trial counsel's ineffectiveness for failing to call alibi witnesses.

Also included within Movant's pleadings was an "actual innocence" claim, supported by affidavits from these same various alibi witnesses that trial counsel never called to the witness stand or interviewed. Attached was also an affidavit from the Movant himself. (See Exhibit A, Petitioner's Reply To Government's Motion To Dismiss Appeal For Lack Of Certificate Appealability to the United States Court of Appeals for the District of Columbia, and accompanying Exhibits 1, 2, 3 and 4; Case No. 11-5268). Movant submits his Reply to the Government's Motion to Dismiss as an exhibit because contained within Movant's Reply are detailed reasons why Movant was denied his right to effective assistance of counsel at both the trial and appellate stage of his proceedings, and for convenience sake and not to be redundant, moves this Court to consider his prior pleading to the Court of Appeals.

Due to the fact, Movant seeks to supplement his requests for a COA to be issued, and does not raise any new fact beyond that already set forth in his prior pleadings and § 2254, in the interest of justice, Movant moves this Court to grant his supplement to his application for a COA.

Dated: May 21, 2012.                    Respectfully submitted,

                                        /s/ George Leon Adams

                                        GEORGE LEON ADAMS
                                        REG. NO. 12021-007
                                        PRO SE PRISONER
                                        FEDERAL CORRECTIONAL COMPLEX
                                        P.O. BOX 1033
                                        USP - 1
                                        COLEMAN, FLORIDA 33521-1033

7